UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81636-CV-Ryskamp/Vitunac

WON SOK LEE,                              )
                                          )
    Petitioner,                           )
                                          )
v.                                        )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
    Respondent. .                         )
_____)

**GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR LEAVE TO CONDUCT POLYGRAPH EXAMINATION**

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby opposes the Petitioner's re-newed motion and asks that the Court deny the motion. The Court already ruled on a similar motion and denied it. The motion should be denied now for the same reasons earlier cited by the United States.

**Introduction**

The defendant is currently incarcerated in connection with his guilty plea to a count of conspiracy to commit mail fraud and wire fraud, and a substantive count of wire fraud, all in violation of 18 U.S.C. §§ 371, 1343, respectively. He is serving a sentence of 25 years. The Court will recall that the defendant's advisory guideline range was determined to be a level 48 rendering an advisory range of "life" in prison; however, due to the plea agreement and the statutory

maximums, (300 months), the guideline range was reduced to 300 months, a significant benefit which the Court recognized. (See PSR, ¶¶ 43, 82).

The defendant's involvement in the massive hedge fund fraud perpetrated by himself, John Kim, and Yung Kim lasted from 2000 until his arrest in South Korea in February 2009. Although KL Financial was shut down by the Securities and Exchange Commission, "SEC", in or about February 2005, the defendant fled from the United States with KL investor funds hours before the collapse of the hedge fund, and absconded to South Korea. From February 2005 until his arrest and extradition from South Korea in or about April 2009, Won Lee enjoyed continuous access to stolen investor funds, and continued spending those monies with impunity while law enforcement was scouring the globe for him. Won Lee was caught in South Korea attempting to fly from Seoul to Buenos Aires, Argentina. As part of his plea agreement, the defendant agreed to waive appeal.

By motion filed August 2, 2010 in the original criminal case from which this § 2255 petition stems, that is, Case No. 06-80197-Cr-KLR, (DE 201), the defendant sought leave of court to force the Bureau of Prisons to transport the defendant for purposes of having a polygraph examination administered. After receiving the government's response filed August 2, 2010, (DE 202) the Court denied the motion and noted the movant's failure among other things, to cite the jurisdictional basis for the Court to rule on an administrative regulation of the Bureau of Prisons for a person incarcerated in Texas pursuing post-conviction. See Order, DE 205, dated August 3, 2010. In addition to that basis the government notes that there is no good cause for granting the requested relief; the relief would be legally irrelevant to this proceeding. [1]

---

[1] Present counsel's assertion that the government surely would have given Won Lee the same bargain as his co-accused if it had only known of Mr. Lee's truthfulness is factually incorrect. Undersigned trial counsel informed the defense attorneys that because Mr. Lee fled

2

No new grounds have been cited to justify granting the requested relief. Petitioner has filed the motion under Case No. 10-CV-81636-KLR (DE 18) but it is essentially the same motion filed in the underlying criminal case, Case No. 06-80197-Cr-KLR (DE 201), which was previously denied. He now seeks leave of court to have a polygraph exam administered for the purpose of supplementing his § 2255 petition. The motion should be denied.

Polygraph results in the context of a § 2255 petition here would be legally irrelevant. The proffered reason for conducting the polygraph is to demonstrate that the defendant was not lying about the location of fraud funds embezzled by him and transferred abroad. This basis is legally irrelevant; the PSR granted acceptance of responsibility to this defendant. The defendant was not penalized in the PSR with additional points for "obstruction." Therefore, to now attempt to demonstrate that the defendant never lied about what he did with the stolen investor funds would be legally irrelevant.

The defendant pled guilty to two felonies; the only challenge would be to the sentence imposed. A polygraph exam would be legally irrelevant to such a challenge and therefore preumably would be excludible as irrelevant under FRE 402. *See generally, United States v. Henderson*, 409 F.3d 1293 (11th Cir. 2002)(affirming exclusion of polygraph results on dual bases of non-compliance with *Daubert* and relevance under FRE 402); *United States v. Gilliard*, 133 F.3d 809 (11th Cir. 1998)(affirming exclusion of polygraph results under both *Daubert* and FRE 403).

---

the United States, and did not return voluntarily, he would not be offered the same settlement that either of his co-defendants received. The polygraph was, and is irrelevant. Petitioner can point to no prejudice occasioned by the failure to conduct a polygraph. The PSR awarded him a three level decrease for acceptance of responsibility related to his timely plea of guilty under § 3E1 .1(a),. PSR ¶ 37, and he did not receive an upward adjustment for obstruction of justice. Given these factors the government is at a loss to understand how the polygraph omission prejudiced the defendant.

## **CONCLUSION**

For all of the foregoing reasons, the defendant's motion for leave of court to conduct a post-sentence polygraph should be denied.

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

By:    *s/ Stephen Carlton*
                                      STEPHEN CARLTON
                                      ASSISTANT UNITED STATES ATTORNEY
                                      500 S. Australian Ave., Suite 400
                                      West Palm Beach, Florida 33401-6235
                                      Admin. No. A5500011
                                      Tel. (561) 820-8711 Ext. 3053
                                      E-mail: Stephen.Carlton@USDOJ.GOV

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                             s/ Stephen Carlton
                                                                                            STEPHEN CARLTON
                                                                                            Assistant United States Attorney

**SERVICE LIST**

**United States v. Won Lee,**
Case No. 10- 81636-Cv-Ryskamp/Vitunac
United States District Court, Southern District of Florida

Stephen Carlton
Assistant U.S. Attorney
stephen.carlton@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
Attorney for United States
[Service via CM/ECF]

Edward Nucci
Assistant U.S. Attorney
edward.nucci@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Attorney for United States
[Service via CM/ECF]

Susan Van Dusen
Suite 315
Coconut Grove Bank Bldg.
2710 South Bayshore Drive
Miami, FL 33133
svandusenlaw@aol.com
[Service via CM/ECF]

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard, #1380
Miami, FL 33131
scott@srebnicklaw.com
[Service via CM/ECF]

MARIA ELENA PÉREZ
145 Madeira, Suite 310
Coral Gables, Florida 33134
mari2much@aol.com
[Service via CM/ECF]